NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SALVADOR JUAN-MIGUEL, AKA Mario Maldonado-Gonzalez; MARIA CUPERTINO-SALVADOR; et al., | No.   19-71725 |
| Petitioners, | Agency Nos.   A205-707-451 |
| | A208-197-224 |
| v. | A208-197-225 |
| | A208-197-226 |
| MERRICK B. GARLAND, Attorney General, | A208-197-227 |
| | A208-197-228 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:      CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Salvador Juan-Miguel, Maria Cupertino-Salvador, and their minor children,

natives and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to remand and dismissing their

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

appeal from an immigration judge's decision denying their applications for asylum and denying Juan-Miguel's and Cupertino-Salvador's applications for withholding of removal and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

The agency did not err in concluding that Petitioners did not establish membership in a cognizable particular social group with regard to Juan-Miguel's ownership of a business and "gang oppression" or "witness to a crime / recruitment."[1] *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct

---

[1]     To the extent that Petitioners' proposed social group as defined in their brief differs from the proposed social groups addressed in the agency, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Conde Quevedo*, 947 F.3d at 1243 (distinguishing *Henriquez-Rivas v. Holder*, 707 F.3d 1081,1092 (9th Cir. 2013), in which a petitioner had testified publicly in open court); *Barrios v. Holder*, 581 F.3d 849, 855 (9th Cir. 2009) (proposed group of young males in Guatemala who are targeted for gang recruitment not cognizable), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d at 1093.

Substantial evidence supports the agency's conclusion that Petitioners otherwise failed to establish that any of them would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Petitioners' asylum claims and Juan-Miguel's and Cupertino-Salvador's withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Juan-Miguel and Cupertino-Salvador failed to show it is more likely than not that they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The BIA did not abuse its discretion in denying Petitioners' motion to

3                                                                    19-71725

remand. Their contention that the immigration judge lacked jurisdiction over their proceedings is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (rejecting contention that lack of hearing information in notice to appear deprived immigration court of jurisdiction).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**